```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEBRASKA

 UNITED STATES OF AMERICA,      )
                                )
         Plaintiff,             )  4:19CR3096
                                )  January 16, 2020
    vs.                         )  10:35 a.m.
                                )  Lincoln, Nebraska
 ALICIA ELLIOTT,                )
                                )
         Defendant.             )




                TRANSCRIPT OF GUILTY PLEA PROCEEDINGS
                BEFORE THE HONORABLE CHERYL R. ZWART
                   UNITED STATES MAGISTRATE JUDGE



                       A-P-P-E-A-R-A-N-C-E-S

 FOR THE PLAINTIFF:           Daniel D. Packard
                              Assistant United States Attorney
                              100 Centennial Mall North
                              487 Federal Building
                              Lincoln, Nebraska 68508


 FOR THE DEFENDANT:           David J. Tarrell
                              Berry Law Firm - Lincoln
                              6940 O Street
                              Suite 400
                              Lincoln, Nebraska 6810


 TRANSCRIBER:                 Allan G. Kuhlman
                              11408 N. Vista Ranch Place
                              Marana, Arizona 85658
                              (520) 989-0626



 Proceedings recorded by digital recording; transcript
 produced with computer.
```

1  (At 10:35 a.m. on January 16, 2020, with counsel for
2  the parties and the defendant present, the following
3  proceedings were had:)
4  THE COURT: We're on the record in case 4:19CR3096,
5  United States of America versus Alicia Elliott.
6  Counsel, please enter your appearance.
7  MR. PACKARD: Daniel Packard for the government.
8  MR. TARRELL: Good morning, Your Honor, David
9  Tarrell for Ms. Elliott.
10  THE COURT: Ms. Elliott, you're here today because
11  I've been told that you want to enter a plea of guilty. Is
12  that true?
13  THE DEFENDANT: Yes, Your Honor.
14  THE COURT: I need to explain to you that I am not
15  your sentencing judge and I am not the judge who will
16  determine whether your guilty plea is accepted and whether
17  your plea agreement is accepted.
18  Those matters will be taken up by Judge Gerrard, who
19  is your sentencing judge.
20  But what I can do for you today is gather some
21  information from you and make a recommendation to
22  Judge Gerrard on those issues.
23  Do you agree to proceed before me?
24  THE DEFENDANT: Yes, Your Honor.
25  THE COURT: Do you solemnly swear to tell the truth,

1   the whole truth, and nothing but the truth?
2           THE DEFENDANT:  Yes, Your Honor.
3           THE COURT:  You're now under oath.  You've sworn to
4   tell the truth, which means if you lie during this proceeding
5   you can be separately prosecuted for the crime of perjury.
6   Do you understand?
7           THE DEFENDANT:  Yes, Your Honor.
8           THE COURT:  At this time I'm going to have
9   Mr. Packard explain to you the charge to which you intend to
10  plead guilty and the possible penalty for that charge.
11  Mr. Packard?
12          MR. PACKARD:  Ma'am, you are charged in Count I of
13  the indictment with distribution of methamphetamine.
14          In substance, Count I alleges that on or about
15  November 20, 2018, in the District of Nebraska, you did
16  knowingly and intentionally distribute five grams or more of
17  methamphetamine (actual), a Schedule II controlled substance.
18          This is in violation of Title 21, United States
19  Code, Section 841(a)(1), and Title 21, United States Code,
20  Section 841(b)(1).
21          This is a felony.  It's punishable by a maximum of
22  forty years in prison and not less than five years in prison.
23          A maximum five million dollar fine.  A mandatory
24  special assessment of one hundred dollars per count.
25          A term of supervised release of no less than four

```
 1   years.
 2           Failure to comply with the conditions of supervised
 3   release may result in revocation of supervised release,
 4   requiring you to serve in prison all or part of the term of
 5   supervised release, possible ineligibility for certain
 6   federal benefits.
 7           You can receive a sentence that includes a
 8   combination of all of those things.
 9           Do you understand the nature of the charge and the
10   penalty?
11           THE DEFENDANT:  Yes, Your Honor.
12           THE COURT:  Having heard the charge and the penalty
13   again, is it still your intent to plead guilty?
14           THE DEFENDANT:  Yes, Your Honor.
15           THE COURT:  I have in front of me a petition to
16   enter a plea of guilty and a plea agreement.  Do you have
17   those documents in front of you?
18           THE DEFENDANT:  Yes.
19           THE COURT:  It appears that you signed them on
20   January 2nd.  Is that right?
21           THE DEFENDANT:  Yes.
22           THE COURT:  When you over these documents, was your
23   attorney with you?
24           THE DEFENDANT:  Yes.
25           THE COURT:  Going to the petition with all the
```

1    questions and answers in it, did you read those questions?
2            THE DEFENDANT:  Yes.
3            THE COURT:  Did you answer the questions truthfully?
4            THE DEFENDANT:  Yes.
5            THE COURT:  Did Mr. Tarrell write down your answers?
6            THE DEFENDANT:  Yes.
7            THE COURT:  Did he do so correctly?
8            THE DEFENDANT:  Yes.
9            THE COURT:  And after going through the document did
10   you sign it?
11           THE DEFENDANT:  Yes.
12           THE COURT:  Going to the plea agreement, did you
13   read the plea agreement?
14           THE DEFENDANT:  Yes.
15           THE COURT:  Did Mr. Tarrell explain it to you?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Were there any questions about it that
18   he was not able to answer?
19           THE DEFENDANT:  No.
20           THE COURT:  And after going through the plea
21   agreement, did you sign it?
22           THE DEFENDANT:  Yes.
23           THE COURT:  On January 2nd when you over these
24   documents, were you under the influence of drugs or alcohol
25   or having any difficulty thinking?

1       THE DEFENDANT:  No, Your Honor.
2       THE COURT:  Are you under the influence of anything
3  right now?
4       THE DEFENDANT:  No.
5       THE COURT:  Are you having any difficulty hearing,
6  understanding and answering my questions?
7       THE DEFENDANT:  No, Your Honor.
8       THE COURT:  Has anybody threatened you in any way to
9  get you to plead guilty?
10      THE DEFENDANT:  No, Your Honor.
11      THE COURT:  Has anybody promised you anything, other
12  than the promises in the plea agreement, to get you to plead
13  guilty?
14      THE DEFENDANT:  No.
15      THE COURT:  Do you understand that if the court
16  accepts your plea of guilty you will be found guilty of a
17  felony?
18      THE DEFENDANT:  Yes, Your Honor.
19      THE COURT:  Do you understand you have the right to
20  plead not guilty and make the government try to prove this
21  case at trial?
22      THE DEFENDANT:  Yes, Your Honor.
23      THE COURT:  Do you understand you are giving up your
24  trial rights by pleading guilty?
25      THE DEFENDANT:  Yes.

1        THE COURT: You've been represented in this case by
2   Mr. Tarrell, is that right?
3        THE DEFENDANT: Yes.
4        THE COURT: Do you believe that he has investigated
5   this case sufficiently so that you know what to do today?
6        THE DEFENDANT: Yes.
7        THE COURT: Are you satisfied with his
8   representation?
9        THE DEFENDANT: Yes.
10       THE COURT: Do you understand that if you chose to
11  go to trial you would have the right to counsel
12  representation at the trial at no cost to you?
13       THE DEFENDANT: Yes.
14       THE COURT: Do you understand that you would have a
15  jury trial?
16       THE DEFENDANT: Yes.
17       THE COURT: Do you understand that at that trial you
18  would have the right to see and hear any witnesses who
19  testify against you and to have them cross-examined on your
20  behalf?
21       THE DEFENDANT: Yes, Your Honor.
22       THE COURT: Do you understand you would have the
23  right to call witnesses for you and if they would not come
24  voluntarily you could get a court order called a subpoena to
25  make them come and testify?

|     |     |
| --- | --- |
| 1   | THE DEFENDANT:  Yes, Your Honor. |
| 2   | THE COURT:  Do you understand that if you chose to |
| 3   | go to trial you could testify yourself if you wanted to, or |
| 4   | you could exercise your right to remain silent? |
| 5   | THE DEFENDANT:  Yes, Your Honor. |
| 6   | THE COURT:  Do you understand that if you remain |
| 7   | silent at the trial the jury would not be allowed to consider |
| 8   | that silence in deciding whether you are guilty? |
| 9   | THE DEFENDANT:  Yes. |
| 10  | THE COURT:  And finally do you understand that if |
| 11  | you chose to go to trial the government would not get a |
| 12  | conviction against you unless it was able to prove to every |
| 13  | single juror that you are guilty beyond a reasonable doubt? |
| 14  | THE DEFENDANT:  Yes, Your Honor. |
| 15  | THE COURT:  Are you willing to give up all of those |
| 16  | trial rights and plead guilty in this case instead? |
| 17  | THE DEFENDANT:  Yes, Your Honor. |
| 18  | THE COURT:  With a guilty plea you will have a |
| 19  | felony record and with that record comes the loss of civil |
| 20  | rights. |
| 21  | Those rights include the right to vote, to right to |
| 22  | serve on a jury, the right to hold a public office, the right |
| 23  | to carry a weapon. |
| 24  | You can also lose federal benefits, but you will |
| 25  | lose rights.  Do you understand that? |

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | THE DEFENDANT:  Yes, Your Honor.                                     |
| 2  | THE COURT:  And knowing that you will lose civil                     |
| 3  | rights, are you willing to plead guilty?                             |
| 4  | THE DEFENDANT:  Yes.                                                 |
| 5  | THE COURT:  You're looking at a sentence in this                     |
| 6  | case of a minimum of five years and up to forty years in             |
| 7  | prison.                                                              |
| 8  | A possible fine of up to five million dollars could                  |
| 9  | be imposed in addition to any term of imprisonment.                  |
| 10 | Supervised release of at least four years and up to                  |
| 11 | a lifetime, and a one hundred dollar mandatory special               |
| 12 | assessment.                                                          |
| 13 | Is that your understanding of what you're facing?                    |
| 14 | THE DEFENDANT:  Yes, Your Honor.                                     |
| 15 | THE COURT:  Has Mr. Tarrell explained the sentencing                 |
| 16 | guidelines to you?                                                   |
| 17 | THE DEFENDANT:  Yes, Your Honor.                                     |
| 18 | THE COURT:  Has he explained that those guidelines                   |
| 19 | provide the starting point that Judge Gerrard will look at in        |
| 20 | determining what your sentence ought to be?                          |
| 21 | THE DEFENDANT:  Yes, Your Honor.                                     |
| 22 | THE COURT:  Do you understand that Judge Gerrard                     |
| 23 | will consider all of your relevant conduct in determining            |
| 24 | your sentence?                                                       |
| 25 | THE DEFENDANT:  Yes, Your Honor.                                     |

1    THE COURT:  For example, he's going to consider such
2    things as how much drugs were involved, whether guns were
3    involved in the distribution of drugs, whether you played a
4    leadership or managerial role in drug distribution, whether
5    guns were used, those types of things.  Do you understand
6    that?
7    THE DEFENDANT:  Yes, Your Honor.
8    THE COURT:  And once Judge Gerrard considers all of
9    your relevant conduct and makes his findings, do you
10   understand that he can sentence you within the guidelines
11   you've discussed with Mr. Tarrell, but he does not have to.
12   He could go above or below them based upon his
13   determination.  Do you understand?
14   THE DEFENDANT:  Yes, Your Honor.
15   THE COURT:  And once Judge Gerrard determines how
16   much time you will spend in prison, do you understand you
17   will be require to serve all of that time, and the most you
18   can get off of that sentence is 54 days per year for good
19   time served, and that's only if you earn good time?
20   THE DEFENDANT:  Yes, Your Honor.
21   THE COURT:  Now, after you get out of prison your
22   sentence is not over.
23   At the time of sentencing Judge Gerrard will include
24   a list of rules that you have to follow for a minimum of four
25   years after you get out of prison.

1  Those rules are called conditions of release.  Do
2  you understand?
3  THE DEFENDANT:  Yes, Your Honor.
4  THE COURT:  Do you understand that if you violate
5  those conditions of release you can be brought back to court
6  and sent back to jail?
7  THE DEFENDANT:  Yes, Your Honor.
8  THE COURT:  Do you understand that if you violate
9  those conditions by committing another crime, your penalty or
10 sentence on your new crime could be greater than it otherwise
11 would have been, merely because you were still serving the
12 sentence in this case when you committed another crime.  Do
13 you understand?
14 THE DEFENDANT:  Yes, Your Honor.
15 THE COURT:  You will be required to pay a one
16 hundred dollar mandatory special assessment.  Were you aware
17 of that?
18 THE DEFENDANT:  Yes, Your Honor.
19 THE COURT:  Is there any restitution in this case?
20 MR. PACKARD:  No, Your Honor.
21 THE COURT:  All right.  You have a plea agreement
22 with the government which outlines your agreement regarding
23 what should happen at the time of sentencing.
24 Do you understand that this agreement is between you
25 and the government, it is not binding on Judge Gerrard?

1       THE DEFENDANT:  Yes, Your Honor.

2       THE COURT:  At this time I'm going to have

3  Mr. Packard explain that plea agreement to you.  Please

4  listen as he does that.  Mr. Packard?

5       MR. PACKARD:  Your Honor, the plea agreement in this

6  matter is that the defendant agrees to plead guilty to

7  Count I of the indictment and in exchange the government will

8  dismiss Count II against the defendant at the time of

9  sentencing.

10       The government additionally agrees that the

11  defendant will not be federally prosecuted in the District of

12  Nebraska for any other drug trafficking crimes as disclosed

13  in the discovery material which has been delivered to the

14  defendant's attorney as of today's date.

15       The plea agreement includes the nature of the

16  offense, a factual basis for the charges, the elements of the

17  offense, and the penalties.

18       The parties agree that the plea agreement is limited

19  to the United States Attorney's Office for the District of

20  Nebraska and cannot bind any other federal, state, or local

21  prosecuting, administrative, or regulatory authority.

22       The parties agree that the defendant should be held

23  responsible for at least four hundred kilograms but not more

24  than seven hundred kilograms of converted drug weight.

25       If the defendant is found to be entitled, the

1  government will move for a reduction of one additional
2  offense level.
3           The parties agree that the defendant may request or
4  recommend additional downward adjustments and departures.
5           The agreement contains a waiver of appeal and
6  collateral attack.
7           There is a waiver of the right to withdraw her plea
8  agreement pursuant to Rule 11(d) of the Federal Rules of
9  Criminal Procedure.
10          Your Honor, I believe those are the main points of
11 the plea agreement.
12          THE COURT:  Do you agree, Mr. Tarrell?
13          MR. TARRELL:  I do, Your Honor.
14          THE COURT:  Ms. Elliott, did you listen as the
15 government described the plea agreement?
16          THE DEFENDANT:  Yes, Your Honor.
17          THE COURT:  Does the government's description match
18 your understanding of your agreement?
19          THE DEFENDANT:  Yes, Your Honor.
20          THE COURT:  Your plea agreement includes a waiver of
21 appeal and collateral attack.  I need to make sure you
22 understand what you're giving up here.
23          Everything that is done by this court is subject to
24 being looked at by another court to make sure it was done
25 right.

1            The process is called an appeal and the court that
2    looks at it is the 8th Circuit Court of Appeals.  Do you
3    understand?
4            THE DEFENDANT:  Yes, Your Honor.
5            THE COURT:  Do you understand that under the terms
6    of this plea agreement you're giving up your right to that
7    appeal process, unless you are claiming that Mr. Tarrell
8    provided you with ineffective assistance?
9            THE DEFENDANT:  Yes, Your Honor.
10           THE COURT:  Collateral attack is different than an
11   appeal.  With a collateral attack you can challenge your
12   conviction and your sentence by claiming your constitutional
13   rights were violated.  Do you understand?
14           THE DEFENDANT:  Yes, Your Honor.
15           THE COURT:  Do you understand that under the terms
16   of this plea agreement you're giving up your right to that
17   type of proceeding as well, unless you are claiming that
18   Mr. Tarrell provided you with ineffective assistance, or you
19   are claiming that what you're admitting to here today is not
20   a crime.  Do you understand?
21           THE DEFENDANT:  Yes, Your Honor.
22           THE COURT:  Do you understand that your waiver of
23   appeal and your waiver of collateral attack apply both to
24   your conviction and to the sentence you've not yet received?
25           THE DEFENDANT:  Yes, Your Honor.

1　　　　　　　　THE COURT:  Have you talked to Mr. Tarrell about
2　　your appeal rights and your collateral attack rights?
3　　　　　　　　THE DEFENDANT:  Yes, Your Honor.
4　　　　　　　　THE COURT:  After having those discussions and
5　　considering your options have you decided to give up your
6　　right to appeal and to collateral attack with the exceptions
7　　listed in the plea agreement?
8　　　　　　　　THE DEFENDANT:  Yes, Your Honor.
9　　　　　　　　THE COURT:  Has anyone made any promises to you that
10　　are not in this written plea agreement?
11　　　　　　　　THE DEFENDANT:  No, Your Honor.
12　　　　　　　　THE COURT:  Do you understand there is no guarantee
13　　your sentence will be less because you pled guilty instead of
14　　being found guilty by a jury?
15　　　　　　　　THE DEFENDANT:  Yes, Your Honor.
16　　　　　　　　THE COURT:  At this time then I'm going to have the
17　　government explain to you the key facts the government would
18　　present at trial if this case went to trial.  Please listen.
19　　　　　　　　MR. PACKARD:  The evidence consists of an
20　　investigation done by the Nebraska State Patrol working for a
21　　task force out of Grand Island.
22　　　　　　　　In police reports they document that on November
23　　20th, 2018, a confidential informant conducted a controlled
24　　purchase of methamphetamine from the defendant.
25　　　　　　　　During that purchase the informant purchased 25.8

1     grams of methamphetamine in Elm Creek, Nebraska.
2             The transaction was captured on audio and partially
3     on video.
4             The lab report confirms methamphetamine and purity
5     analysis shows concentration of 99 percent.
6             Those events did occur in the District of Nebraska.
7             THE COURT:  Mr. Tarrell, do you agree that if this
8     case went to trial that evidence would go before a jury?
9             MR. TARRELL:  Yes, Your Honor.
10            THE COURT:  Ms. Elliott, did you listen as the
11    government described the evidence against you?
12            THE DEFENDANT:  Yes, Your Honor.
13            THE COURT:  Is what they described true?
14            THE DEFENDANT:  Yes, Your Honor.
15            THE COURT:  On November 20th of 2018 were you here
16    in Nebraska?
17            THE DEFENDANT:  Yes, Your Honor.
18            THE COURT:  While in Nebraska were you in possession
19    of methamphetamine?
20            THE DEFENDANT:  Yes, Your Honor.
21            THE COURT:  Did you know that what you had in your
22    possession was methamphetamine?
23            THE DEFENDANT:  Yes, Your Honor.
24            THE COURT:  Did you distribute five grams or more of
25    methamphetamine that date to someone else?

```
 1                THE DEFENDANT:  Yes, Your Honor.
 2                THE COURT:  Did you do this conduct in Nebraska?
 3                THE DEFENDANT:  Yes, Your Honor.
 4                THE COURT:  Any additional questions, counsel?
 5                MR. PACKARD:  No, Your Honor.
 6                MR. TARRELL:  No, Your Honor.
 7                THE COURT:  Mr. Packard, do you believe the guilty
 8   plea is knowing, intelligent and voluntary and that there is
 9   a factual basis for it?
10                MR. PACKARD:  Yes, Your Honor.
11                THE COURT:  Mr. Tarrell, do you agree?
12                MR. TARRELL:  Yes.
13                THE COURT:  Ms. Elliott, do you want this court to
14   accept your plea of guilty?
15                THE DEFENDANT:  Yes, Your Honor.
16                THE COURT:  Do you have any questions of me before I
17   proceed?
18                THE DEFENDANT:  No, Your Honor.
19                THE COURT:  To Count I of the indictment which
20   alleges that on or about November 20th of 2018, while in the
21   District of Nebraska, you did knowingly and intentionally
22   distribute five grams or more of methamphetamine (actual),
23   what do you plead?
24                THE DEFENDANT:  Guilty.
25                THE COURT:  I do find that your guilty plea is
```

1  knowing, intelligent and voluntary and that there is a
2  factual basis for it.
3          I will recommend to Judge Gerrard that he accept
4  your plea of guilty and your plea agreement.
5          He'll take up the issue of your plea agreement at
6  sentencing on April 17th at 1:30.  Does that work,
7  Mr. Packard?
8          MR. PACKARD:  Yes, Your Honor.
9          THE COURT:  Does that work, Mr. Tarrell?
10         MR. TARRELL:  Yes, Your Honor.
11         THE COURT:  All right.  Ms. Elliott, does that work
12  for you?
13         THE DEFENDANT:  Yes, Your Honor.
14         THE COURT:  Let me see how you've been doing on
15  pretrial.
16         It appears that there were quite a few bumps in the
17  road on your pretrial release but nothing that pretrial is
18  recommending detention for at this time.
19         I want you to know something, though, that once your
20  plea is entered the rules I'm required to follow change.
21         You no longer are presumed to be innocent.  You are
22  now guilty and in that sense if you were to violate the terms
23  of your pretrial release going forward I would place you in
24  jail.  Do you understand that?
25         THE DEFENDANT:  Yes, Your Honor.

1  THE COURT: Anything else that we need to take up,
2  Mr. Packard?
3  MR. PACKARD: No, Your Honor.
4  THE COURT: Mr. Tarrell?
5  MR. TARRELL: No, Your Honor.
6  THE COURT: We're in recess.
7  (10:51 a.m. - End of Proceedings)
8
9  C-E-R-T-I-F-I-C-A-T-E
10  I, Allan G. Kuhlman, do hereby certify that the
11  foregoing transcript is a true and accurate transcription, to
12  the best of my ability, from the digital recording of the
13  proceedings held in this matter.
14  Dated January 23, 2020.
15
16  s/Allan G. Kuhlman
    Allan G. Kuhlman
17
18
19
20
21
22
23
24
25