IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>ALICIA D. ELLIOTT,<br>            Defendant. | 4:19CR3096<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendant's motion for compassionate release for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Filing No. 71. Counsel for Defendant filed a brief in support.  Filing No. 72.  The Court ordered the United States Probation Officer to review the Bureau of Prison records and provide an investigation report and said report has been filed.  Filing No. 74.  The government filed an opposition to defendant's motion to reduce.  Filing No. 82.  The defendant filed a reply brief.  Filing No. 86.

On June 22, 2022, Ms. Elliott was sentenced to a term of imprisonment of 60 months with 4 years of supervised release for Distribution of 5 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Ms. Elliott self-surrendered to Carswell Federal Medical Center on August 24, 2022.  She is projected to be released by the Bureau of Prisons (BOP) on November 19, 2026.

**DISCUSSION**

The First Step Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration. Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019).  Congress designed

1

the provision at issue here, 18 U.S.C. § 3582(c)(1)(A), for "Increasing the Use and Transparency of Compassionate Release." § 603(b), 132 Stat. at 5239. Section 3582(c)(1)(A) allows defendants to petition district courts directly for compassionate release. *Id.* Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early. § 3582(c)(1)(A)(i). Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his or her administrative remedies) move for reduction of his or her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a)[1], may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2] Accordingly, an

---

[1] The statute states: (1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--(i) extraordinary and compelling reasons warrant such a reduction; . . . ***** and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

[2] The newly amended, and now applicable guideline went into effect on November 1, 2023. U.S.S.G. § 1B1.13. The policy statement now states: (b) EXTRAORDINARY AND COMPELLING REASONS — Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
(1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT — (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia. (B) The defendant is— (i) suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that

is not being provided and without which the defendant is at risk of serious deterioration in health or death. (D) The defendant presents the following circumstances— (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority; (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and (iii) such risk cannot be adequately mitigated in a timely manner.

(2) AGE OF THE DEFENDANT —The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) FAMILY CIRCUMSTANCES OF THE DEFENDANT — (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition. (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent. (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) VICTIM OF ABUSE —The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of: (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions); that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant. For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed, or the defendant is in imminent danger.

(5) OTHER REASONS —The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances. (c) LIMITATION ON CHANGES IN LAW —Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction. (d) REHABILITATION OF THE DEFENDANT —Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted. (e) FORESEEABILITY OF EXTRAORDINARY AND COMPELLING REASONS —For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been

initial review of the defendant's claim will involve these inquiries:

1. Has the defendant exhausted administrative remedies?
2. Has the defendant identified extraordinary and compelling reasons for reducing his or her term of imprisonment?
3. Would application of the § 3553(a) factors permit reducing the defendant's sentence if those extraordinary and compelling reasons were substantiated?
4. Has the Court ensured that any reduction is consistent with applicable policy statements.

18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a).

### A. Exhaustion

The Court finds that the defendant has met the exhaustion requirement. *See United States v. Brown*, 457 F. Supp. 3d 691 (S.D. Iowa 2020). Defendant alleges she submitted a request for compassionate release to the warden, and such request has been denied. The government does not dispute that exhaustion has been met. Accordingly, the Court finds the defendant complied with the exhaustion requirement.

### B. Medical Vulnerability

COVID-19 is clearly a global pandemic that presents extraordinary and compelling release for certain prisoners. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention (April 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html According to BOP records, Ms. Elliott has been diagnosed with the following: Cardiac murmur, chronic kidney disease-stage 5, dependence on renal dialysis, disorder of arteries and arterioles, end stage renal failure, essential primary hypertension,

---

known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

4

gastroesophageal reflux disease, glomerulonephritis, heart failure, hyperparathyroidism, syphilis, systematic lupus erythematosus, and unspecified diastolic heart failure. Ms. Elliott is currently on or has been prescribed multiple medications to treat her ongoing health needs. In addition, she has received renal dialysis three times per week.

Ms. Elliott is currently in custody at Carswell Federal Medical Center ("Carswell FMC"). This is an administrative security federal medical center for female inmates. According to the BOP website, BOP Statistics: Inmate COVID-19 as of July 6, 2023, Carswell FMC has zero confirmed inmates to be active positive COVID-19 cases. Carswell FMC has had nine COVID-19 related deaths. According to BOP information, of the 1,043 inmates at Carswell FMC, 658 are fully inoculated.

The government argues that the health care Ms. Elliott is receiving through Carswell addresses all of her health concerns, including her dialysis.

The Court finds that Defendant's physical and medical vulnerability to COVID-19 is an of itself is not an extraordinary and compelling reason/factor for a change in Defendant's sentence. *See* e.g., U.S.S.G. 1B1.13 comment (A)–(C). Further, on July 6, 2023, there were zero confirmed cases of active COVID-19 cases. The Court finds the defendant is a not a high medical risk and her risks are not extraordinary or compelling at this time as they regard COVID. However, the Court does find that her health issues, particularly the chronic kidney disease-stage 5, is a very high risk. She is on renal dialysis 3 times a week. Additionally, Ms. Elliott has other significant health issues as stated herein. The Court finds that these issues, and in particular the kidney issues, constitute a serious and advanced illness with an end-of-life trajectory, and that her health issues constitute serious, extraordinary, and compelling reasons to warrant a

5

reduction. See U.S.S.G. § 1B1.13 (b)(1)(a).

### C. Section 3553(a) Factors

Finally, the Court must consider if compassionate release comports with any Applicable § 3553(a) factors. See also § 3582(c)(1)(A). Under U.S.S.G. 1B1.13, the Court must discern whether under ((1)(A) Extraordinary and compelling reasons warrant the reduction; or (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned; (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) The reduction is consistent with this policy statement.)[3]  The Court finds that Ms. Elliott meets the factors set forth in 18 U.S.C. § 3553(a). The Court finds that Defendant is entitled to release under the § 3553 factors or under §1B1.13.

The Court has already determined that Ms. Elliott's health issues are compelling and extraordinary reasons to grant her reduction. Second, the Court notes that the probation officer recommends that this motion be granted. The Court has reviewed the plan for Ms. Elliott's release, first for a period of up to 180 days in a residential facility as determined by the probation officer, to be followed by living with her father and stepmother

---

[3] Section 3553(a) requires a discretionary balancing of multiple factors, not just dangerousness. Under that provision, courts weigh (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

as outlined in the probation report. Third, the Court finds the reduction is consistent with the applicable policy statements. By granting Ms. Elliott's release, she may have the opportunity for placement on the kidney transplant list as well as access to other medical care and guidance.

In addition, Ms. Elliott participated in numerous adult education classes while incarcerated. According to BOP records, Ms. Elliott has completed education courses and programs within the BOP that include Interviewing Skills, Civics and Government, and Drug Education Class. Ms. Elliott has received no incident reports while in the BOP.

The defendant qualifies for a reduction of her sentence under the enumerated factors under U.S.S.G. 1B1.13. She is suffering from a serious and advanced illness with an end-of-life trajectory. She does have an end-stage organ (kidney) disease. The defendant is likely not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).

The Court has reviewed the proposed release plan. The Court finds the plan to be acceptable, with the requests made by the Probation Officer.[4] The Court will first order that Ms. Elliott must reside in a residential facility for a period of up to 180 days, as requested by the Probation Office.[5]

---

[4] The Court notes that Ms. Elliott has failed numerous times to comply with the requirements of pretrial and probation at both the state and federal levels. The Court does not view this lightly. If, at any time, during the period of supervised release, Ms. Elliott fails to comply with or follow the order as required, she will be immediately subject to revocation.

[5] Probation asks the Court to require the following: You must reside in a residential reentry center (RRC) for a period of up to 180 days in the correctional component, to commence at the direction of the probation officer, and you must observe the rules of that facility. You may be discharged earlier than 180 days by the probation officer if you are determined to be in full compliance with the conditions of supervision. Filing No. 74 at 5.

7

THEREFORE, IT IS ORDERED THAT Defendant's Motion to Reduce Sentence, Filing No. 71, is granted. It is further ordered that Ms. Elliott shall comply with the plan of release proposed by the Probation Office, by placement at the Dismas Residential Reentry Center in Kearney, NE for a period of up to 180 days. Thereafter, Ms. Elliott shall reside with her father and stepmother as outlined in the probation report.

Dated this 14th day of December, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge